UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHELL OFFSHORE, INC.                              CIVIL ACTION

VERSUS                                            NO. 05-1956

GREG COURTNEY, ET AL                              SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on motion to stay discovery filed by Greg Courtney ("Courtney"). Oral argument was held on June 21, 2006, at which time the motion was taken under advisement. Having considered the record, the memoranda and argument of counsel and the law, the Court has determined that the motion should be partially granted for the following reasons.

According to the Complaint, the plaintiff, Shell Offshore, Inc. ("Shell"), is making claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 and Louisiana law against Courtney, three vendor companies and two other individuals associated with the vendor companies alleging a conspiracy to defraud Shell. In this motion, Courtney seeks a stay of discovery in this matter based on his Fifth Amendment privilege against self-incrimination. The fact that the defendant Courtney is the target of a grand jury investigation is undisputed for purposes of this motion. Shell acknowledges that it is seeking information about Courtney's income and assets and ownership interest and involvement with other defendants. (Rec. Doc. 42,

1

p. 2).

Discovery under Fed. R. Civ. P. 26(c) is allowed for matter that is "not privileged." As Justice Brandeis observed:

> The privilege is not ordinarily dependent upon the nature of the proceeding in which the testimony is sought or is to be used. It applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it.

Maness v. Meyers, 419 U.S. 449, 464 (1975); Wright & Miller, 8 *Federal Practice & Procedure* § 2018 (West). There needs to be a "real and appreciable" risk of self-incrimination in order to postpone civil discovery until termination of a criminal action. United States v. Kordel, 397 U.S. 1, 8-9 (1970); Minor v. United States, 396 U.S. 87, 98 (1969). The Fifth Circuit has recognized a stay of discovery as an appropriate remedy in such a situation. Wehling v. Columbia Broadcasting System, 608 F.2d 1084 (5th Cir. 979).

The cases cited by both parties recognize a number of considerations that guide the Court's discretion whether to impose a stay. First, the similarity of the issues should be considered, which is "the most important issue at the threshold." Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989); Walsh Securities, Inc. Cristo Property Management, Ltd., 7 F.Supp.2d 523, 527 ((D.N.J. 1998). In this matter, there is no dispute that the issues are similar in both the civil proceeding and criminal investigation**.**

Secondly, the stage of the parallel criminal proceeding is considered, which in this case is pre-indictment but underway. The third consideration of prejudice to the plaintiff supports a stay where, as here, the plaintiff does not continue to suffer losses and does not dispute that it filed a criminal complaint, while the fourth consideration of the burden of defendant indicates that

Courtney's consequences of incriminating himself are real.  The fifth interest of the court in managing its docket are not seriously implicated by a stay of limited duration to be revisited at its expiration.  There has been no showing of harm from alleged fraud that will not be remedied by the criminal investigation sufficient to adversely affect the public interest for purposes of the sixth consideration.   Finally, interests of persons not parties to civil litigation do not weigh against a stay.

The Court finds that on balance, consideration of these factors support a stay.  The Court is aware of the authority warning against a "blanket refusal" based on the privilege.  <u>Securities & Exchange Commission v. First Financial Group of Texas, Inc.</u>, 659 F.2d 660 (5th Cir. 1981). However, information about finances and Courtney's involvement with the various companies necessarily carries the potential for self-incrimination in this matter.

Accordingly,

IT IS ORDERED that the motion to stay discovery filed by Greg Courtney is PARTIALLY GRANTED.  Discovery against Greg Courtney and the defendant corporations with which he is affiliated is STAYED for a period of one year, at which time the propriety of a further stay may be revisited, if appropriate. (Rec. Doc. 35).

New Orleans, this 11th day of July, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE